The Honorable, the Judges of the United States Court of Appeals to the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals to the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and His Honorable Court. All right, good morning everybody, please be seated. All right, good morning. The Court is prepared to hear arguments in our four cases this morning, beginning with the United States v. Searcy. Mr. Brignac, whenever you're ready. Thank you, Your Honor. May it please the Court, Eric Brignac for Edgar Searcy. The District Court erred in denying Mr. Searcy's motion to dismiss, based on the Section 1658A statute of limitations. I think there are three legal issues this Court needs to address in order to reach that conclusion. First, does Section 1658A apply against the United States at all? Second, does 1658A apply to Section 4248 proceedings in particular? And third, when did the claim accrue against Mr. Searcy? And I think the first two questions are answered by the plain language of the statute, and the third question is answered by the well-settled accrual rule that this Court adopted in the en banc case of Nassim. So 1658 states, except as otherwise provided by law, civil action arising under an act of Congress, enacted after the date of the enactment of this section, may not be commenced later than four years after the cause of action accrues. So in the plain text of the statute, those first words, except as otherwise provided by law.  a common law judicially created rule that you would adopt statutes of limitations from the states for federal causes of action. Why isn't your focus on that particular portion of the statute, why isn't the custody requirement of Section 4248 applied to this as otherwise provided by law? Isn't that what Congress had in mind with respect to this particular set of facts? Your Honor, so in order for the cause of action to accrue, one of the things that needs to happen is the individual needs to be in the custody of the Bureau of Prisons. And if the individual is not in the legal custody of the Bureau of Prisons, that would be a reason to dismiss the claim. That doesn't make Section 4248 different from any other civil action that might have some sort of condition precedent. You might have, for instance, a certain plan needs to be qualified as an ERISA plan for you to bring a suit, sue under a statute. If it's a breach of contract claim, certain things need to be met. So the statute, of course, has requirements. The person needs to be in the custody of the Bureau of Prisons. But that says nothing about when the claim accrues for purposes of the statute of limitations. When is it that you think the claim accrues? Well, Your Honor, the accrual rule, you know, I think this court's en banc case in the seam states that the cause of action accrues federally. And, you know, that was 95, but the court was well aware that, you know, accrual was always a federal question. But it accrues when the party, in this case the United States, has information sufficient to put it on notice. In Mr. Searcy's case. So right when they enter custody? Well, you know, each case, Your Honor, is going to be fact specific. And that's not strange. A statute of limitations claim is always going to be, you know, fact specific in terms of accrual and in terms of Mr. Searcy's facts. This claim accrued July 27, 2006, when the statute came into existence and the government at that point, you can look at Mr. Searcy's PSR, had enough facts to put it on notice that Mr. Searcy was someone it needed to investigate. But can I ask? Go ahead. I just don't understand how that works. In 2006, what they needed to do was investigate whether he would be a danger in 2016 when he would otherwise be released. So how are they supposed to know in 2006? Anything they do in 2006 is going to be stale by the time 2016 rolls around. And don't they have to take account of what happens in prison? Is he getting treatment? I just don't see how this works, practically speaking. Well, as a practical matter, Your Honor, what happens practically is everyone who goes into the Bureau of Prisons, as I understand it, and I'm sure Mr. James has a better sense of this, their PSRs are reviewed. There's a review panel for every single individual they're looked at. And if you look at Mr. Searcy's case, and I think he is a great example for this, it's not stale, Your Honor. Everything that the four experts relied on was past historical factors. They relied on his past. But the question is they're engaging in a predictive analysis of what's to occur in the future. Obviously those facts are static. His personal situation and condition is subject to change. And, Your Honor, in 4248, I think the Court can agree, and you're right, has a future. And the goal is that it would change, that he could be rehabilitated. I mean, I'm sure part of the goal, your goal, would be that these offenders can be rehabilitated so that they can be released from custody. And it feels like your argument might do a detriment to some offenders who, if we're judging them within those first four years, then any work at rehabilitation that they do after that won't matter and they won't be released, even if they've gotten better. And if I may answer your question, Your Honor, and then your question, Judge Diaz. First, Section 4248 provides a mechanism where every six months after an individual has been committed or when the person holding them in custody finds that they have been cured, they can petition the Court for release. So there is a mechanism. If someone, if Mr. Searcy had been committed in 2008, he would have had multiple opportunities to try and improve himself, to have treatment. But does the reverse apply? If he's found not to be a danger at the time, under your theory of the case, can the government then continue to take a look at him? Yes, Your Honor. And we have litigated this in other cases. So what happens there, so the Court would make findings, and it would find the government did not meet its burden. And some of those findings would be subject to basically collateral estoppel res judicata. But if there's a fundamental change in an individual, the government can take that new information and go back and attempt to recertify it. And if there's a fundamental change in facts, then res judicata wouldn't apply. That doesn't strike me as the most efficient way to handle this. I mean, why would the government have to, under your theory, I guess, might have to undergo a series of hearings in order to ultimately resolve the question of whether or not this individual should be released right before, or should be released right before the end of his custody. No, Your Honor, because I think there's still, there's first more efficiency in having these claims resolved as soon as possible than doing as the government's been doing and waiting until the last minute and creating detention beyond that, which may have been contemplated by the statute, beyond that, which is necessary. If a person can be committed, enter treatment early, be in treatment and possibly finish treatment by the time their sentence would otherwise expire, I think that's the most efficient situation. I also think, Your Honor, it would not be a situation where the government, say, had a commitment hearing. And again, look at Mr. Searcy's case. Almost all of this was looking at the past to determine whether he committed sexual malfeasance in the past and what he presently suffers from. And his case suffers from pedophilia. So those determinations, by and large, those historical facts are not going to change. But how is what he presently suffers from, a present diagnosis of his psychological situation, how is that a past fact? I don't understand what you're saying. It's not a past fact, Your Honor. It is a present diagnosis. But if you look at his case, the criteria that the experts used to diagnose him was based almost entirely on his actions in the past. So he suffers from pedophilia. And in making that determination, they relied on the conviction in Florida. They relied on the federal conviction. They relied on the conviction. My reading of the diagnosis was that it was a little more complicated than just there are some prior convictions, so boom, he's diagnosed. No, you're right. You're right. It is more complicated than that, Your Honor. But just the criteria for, in his case, pedophilia itself. He was diagnosed with other things, too, right? Yes, Your Honor. Yes. And also, I didn't get to your question before about the future looking. Again, in civil cases, there is oftentimes some speculative future looking component. Say I have a business, someone breaches a contract with me. Because of that breach of contract, my business fails, I'm not able to make some things. In terms of speculating, in terms of damages, make a speculative future assessment of what will these damages be. Can I just stop you there? Because the whole conversation we're having today does make me wonder whether it makes any sense to think about a civil commitment proceeding like this in terms of a statute of limitations. Because in your hypothetical, at least there is this past act, the breach, that kind of anchors the statute of limitations. When something is entirely forward looking, there is no past act. Why would there, it just, I'm just having, there seems to be a very fundamental disconnect between a statute like this, which is designed to protect the community from a future danger, and a case like your breach of contract hypothetical, where there is a past act that you can peg a statute of limitations to. It just seems like a mismatch. Right. And thanks for bringing up that question. I would say, look, first, Your Honor, the language of the statute. Well, but the statute, you started talking about the legislative history in the background, and Jones does instruct us to pay attention to congressional intent. It seems like the statute is designed to come into play when federal courts would otherwise have to borrow a state statute of limitations. But if there's no statute of limitations at all, it's not obvious to me that that statute, 1658, was designed to establish a statute of limitations that didn't already exist and require borrowing. And, Your Honor, I would say the statute says, except as otherwise provided by law. So there may have been, and there certainly was, a motivation for creating 1658A, but the plain language of 1658 does not say, for instance, when a court would otherwise borrow a state statute of limitations, it shall instead apply a four-year statute. It says, except as otherwise provided by law. And to get to Your Honor's point about there being, is civil commitment, and that's sort of my second question, just different in kind? And I think the government and I probably each spent a lot of time trying to find cases to analogize to that. And there really is no exception that I could find, and I don't think the government could find, saying that civil commitment actions are different in kind. Well, are there a lot of cases where people bring statute of limitations challenges to civil commitments? Well, I think, Your Honor, not that I could find one way or the other. Right. And I think in the absence, isn't that sort of a pregnant absence that nobody ever thought there was a statute of limitations defense in a civil commitment proceeding? Respectfully, no, Your Honor, and as much as I think a lot of states that have statute, that have civil commitment proceedings, they run them much more like the government here runs 4246, that there's an actual expectation, and sometimes even codified in the statute, that this is going to be applied for someone who is about to be released as a matter of law. So the statute of limitations defense wouldn't be raised because there the claim wouldn't accrue until the person was close to release. In that way, 4248 is different. It's different in kind because it does not have any sort of statutory trigger or any sort of expectation that the person would be nearing release. Instead, and as this court has clarified, 4248, you know, the government can bring a suit as soon as you're in the legal custody of the Bureau of Prisons. And that's it. And then the next question becomes,  And, you know, I know there's a sense, and I'm getting it from the panel, and I certainly, when I started this case, had it myself, that but aren't civil commitments just somehow different? And I cannot find a trigger in the law to say, you know, Kansas v. Hendricks was the case that talked about, you know, the challenge there was is this criminal or is this civil? And at no point did the Supreme Court speculate that there may be some third category in the law, that these are sort of criminally and sort of civilly. You know, it's still, from everything I can tell, there are two boxes in the law. You're in a civil box or you're in a criminal box. Yes, sir. One of the arguments that I believe you made in your brief had to do with the problem of staleness of the relevant evidence. And in particular, I guess, you were referring to the underlying acts were the basis for the diagnoses or are oftentimes the basis for the diagnoses in these cases. But are you suggesting that your client or anyone else in this situation would be able to collaterally attack these underlying convictions in these proceedings? Because I don't think that's correct. No, Your Honor, they could not collaterally attack the convictions. So then why is there a staleness problem? I mean, the convictions are what they are. They're a fact. There's no disputing that. It seems the only thing that is in dispute is what is the medical or psychological, psychiatric significance of those convictions. And there's nothing stale about that. You have the opportunity, your client does, to cross-examine the experts and bring in your own experts. So what is the concern here? The concern, Your Honor, is that, say, unlike, to take an example, the Armed Career Criminal Act, which doesn't actually ask whether you committed this past crime. It triggers it based on a conviction. If you have a conviction for a violent felony, unless you can collaterally attack it away, that's an act of predicate. 4248 doesn't do that, Your Honor. It says whether you've committed an act of sexual violence in the past. Now, certainly a conviction for that would be incredibly strong, almost always unrebuttable evidence of having committed the act. But the legal existence of the conviction itself actually doesn't matter under the statute. The facts of the conviction, I think Mr. Searcy's case again provides a good example. You know, when you, Your Honor, brought up, you can cross-examine and the like. But, you know, in the Florida conviction, the first Florida conviction, you know, we had evidence showing, or Mr. Searcy brought up evidence showing, that all of the records of the conviction had been destroyed,  one person's note about the age of the victim, differed from the statute. But why is a 4248 preceding the form for litigating that? Isn't that, I mean, there's a, you had a direct appeal? Habeas? This is not the place to be arguing that. No, Your Honor. And the reason it comes up is because the nature, what happened during that prior conviction, is relevant to Mr. Searcy's medical diagnosis, his psychological diagnosis. So, for instance, whether his victim was 8 years old or 15 years old, that has a lot of relevance in terms of whether one would diagnose him with pedophilia. I don't disagree with that. But then the question is, are you suggesting that that fact can be re-litigated in a 4248 proceeding? I would say, Your Honor, that that fact that the district judge in the 4248 proceeding can certainly hear evidence about, like, again, in this case there was a dispute over the age of the victim. That's just one fact. And I would say certainly that the district judge could hear that and the different experts could opine about whether that fact would make a difference or not. A lot of these convictions, Your Honor, are older and there are destroyed records, and there actually is somewhat of a dispute, maybe not at the very core of what happened, but about the kind of details that actually matter when you're trying to decide whether an individual is mentally ill or not, suffers from something like pedophilia. And, you know, and even leaving all that aside, you know, the plain language of the statute, 1658, it says, except otherwise provided by law, and there's nothing in 48 that accepts this, and a civil action arising under an act of Congress, which 4248 is. So policy aside, I still think the plain language of the statute compels the result here. All right. Thank you.  My name is Michael James, and I represent the United States in this matter. Your Honors, the district court did not err when it found that the proper procedure to initiate a certification, but a civil commitment proceeding was the certification process under 4248, and that 1658 did not apply. Before I go into my reasoning, I want to suggest a couple of things that counsel stated a few moments ago. First, Your Honor, with regard to whether the PSR provided sufficient information for the court to, for the initiation of the filing of the certificate in this case. That is not true. The certificate filed in this case says that the person is sexually dangerous. That is that he is presently sexually dangerous at the time of the initiation. This court has filed in multiple cases, whether it's Matherly, whether you look at Broncho, that it is nearer to the time of the person's release that the process should begin. And I believe, Judge Thacker, you mentioned how this would not actually make sense. I believe Judge Harris also made similar comments. I'll just give an example of it. In the case of U.S. v. Antone, this court reversed a district court that had found that, had not considered all of Antone's incarcerative history. In Antone, Antone entered the Bureau of Prisons in 1999. If you applied 1658 to the statute in the Antone case, by 2003 or 2004, Antone had racked up four prison infractions. Under the wooden factors, those were factors that the district court would have to consider. Now, if you cut off the remaining portion of Antone's sentence, he was released, his release date was coming up in 2007, then the district court in Antone would have just considered his convictions. It would have considered his four prison infractions between leading up to 2003 and 2004. And this court may well come to a different conclusion. Well, Mr. Brignac says that the government can always reinitiate the process if it turns out that at the point in time in which the hearing is held, it doesn't meet its burden. Is he right? Well, that would pose other problems that this court pointed out in Springer, the constant recertification of an individual. And here's one of the practical problems with that sort of procedure, because if the government were to, in the case of Mr. Searcy, initiate a civil commitment proceeding, he had a 180-month sentence. And within the first 48 months, initiated that. And let's say the government then said, well, he is, at the court, excuse me, said he is sexually dangerous. Now you've got this entire period of time awaiting his nearer to release provision. But Mr. Brignac says in response that that's a period of time where he can be treated, where he can be rehabilitated, and allows a little bit more time for him to be able to overcome that finding immediately prior to his release. Well, the other problem that that leads to, Your Honor, is what Mr. Brignac is talking about is a review hearing. And in a review hearing, and I believe this issue may be before this court as well, the burden of proof. The burden of proof in a civil commitment proceeding is, initial civil commitment proceeding is clear and convincing evidence. And the burden is on the government to demonstrate each of the, each prong of the Adam Walsh Act by that standard. At a review hearing, the burden of proof is on the respondent. And the standard is by preponderance of the evidence. So now what you would, what it would practically be, it would be if the theory of the respondent is adopted, a person enters the Bureau of Prison freshly sentenced, and the government now has to initiate the civil commitment proceeding within 48 months. And just for the court to understand, when the Bureau of Prison undertakes that proceeding, it takes them about a year and a half to two years before the person is released. They call through a number of other individuals who are potentially committable. And that's a long process before they get to the point where a person is actually sent to Butner for the evaluation, as Mr. Searcy was. So the government initiates then the civil commitment proceeding, let's say. And in initiating that civil commitment proceeding in that short period of time, now the odds are this person is going to be found sexually dangerous. And now the respondent who has been found sexually dangerous, now that respondent now has the burden to show that after their long term that they are no longer sexually dangerous. That doesn't make a lot of sense in the case of respondents who have sentences like Mr. Searcy, 180 months, or those who have sentences 240 months. I can represent to the court that I reviewed a number of past and current certifications, and we have about 71. Mr. James, and I appreciate that response, do you agree that what we're dealing with here is a civil action? Is this a civil action? It is, but it's not a typical civil action, Your Honor. What does that mean? I mean, shouldn't we just read the statute 1658 as written? It says in the cases of a civil action where there is no express statute of limitations, there's a default four-year statute. Why isn't that the end of the story? Well, it is the end of the story for a number of reasons. One, as the court pointed out, the otherwise provided by law. Second, it would- What does that mean to you? What it means to me that, Your Honor, is that in looking at the context of 1658, in which it was initiated, it was to prevent limitation barring from state statutes. It was to prevent conflicts of laws between plaintiffs who may, in fact, be in federal action. Plaintiffs in State A and defendants in State A can proceed, but plaintiffs in State B cannot proceed if barred by a state statute of limitations. It was to prevent those type of issues. And key to 1658 is that it is meant to address where a party believes they have been seeking a claim of relief for a wrong. That's a very expansive interpretation of that language, but except as otherwise provided by law seems to me to be very direct and clear. So what is it elsewhere in some other statutory regime that accepts this proceeding from the four-year statute of limitations? Well, Your Honor, I'm- By the very nature of it and to avoid- In reading the plain- You're looking at the plain language of the statute to avoid an absurd result. It would lead- This interpretation offered by the responder in this case, by Searcy, would lead to an absurd result. Congress surely did not intend that a sex offender who has, let's say, a 50-month term of imprisonment, who could be certified within the first 48, that that person would be certified, and the court could then determine whether that person is currently sexually dangerous. But a defendant who has a 240-month term of imprisonment, that this court can determine that that person is sexually dangerous by holding a certification review hearing within the first 48 months of that 240-month sentence. That would lead to an absurd result. That is not surely what Congress intended with civil commitment schemes in this application. And if I may point out some- Now, the responder also stated that in civil cases that there is some sort of speculative future factor. We're talking about damages. In civil commitment cases, it is, as this court pointed out, Judge Harris pointed out, it is forward-looking. It is forward-looking. It's not looking at- It's not to punish Mr. Searcy or any other respondent for their past criminal act. Judge Diaz, you pointed out that these are probably not the correct forms for a respondent to attack, a prior conviction, which is what one of the arguments was, well, these hearings need to be done within the first 48- You have to be certified within 48 months and the hearing take place because evidence may be lost or stale. Well, by the time the person has entered the BOP, their state convictions could be much older. In fact, Mr. Searcy's state convictions were like in 1989. So by the time this case even gets to the point in which a person is- a certification is filed in part based on past criminal offenses, that time to challenge those things is past. He could have filed an appeal of the state convictions. He could have filed a habeas petition with regard to the state convictions. And so that argument, we submit this is not the form for that sort of matter. Also- What is your view about at which point in time, if the statute of limitations applies in this case? I know you say it doesn't.  Well, if this court were to hold that the statute of limitations applies, it would have to accrue at the time of the certification, nearer to accomplish the goal of the district court to examine whether a person is presently sexually dangerous. Okay, so what if the government has information long before the date of the certification and there's evidence to that fact? That seems like that would allow for a little bit of sandbagging on the part of the government. Well- Why isn't it when the government either knows or reasonably should know that a certification is in order? Well, the government would not know that, Your Honor. And I use the case of Mr. Searcy, for instance. In Mr. Searcy's case, when he was evaluated at the- and speak a little bit about it in the footnote in the brief, after that culling process goes through, and then the person is sent to FCI Butner for the evaluation. In the case of Mr. Searcy, when he was interviewed, and he submitted to an interview with Dr. Watkins, Dr. Watkins learned information that was not in any PSR. For instance, Mr. Searcy's admission that he touched the breast of a 10-year-old victim in the past, he had no contender to that offense. There was no information about that. He denied that constantly. But in his interview with Dr. Watkins, he admitted he touched her breast. In determining whether Mr. Searcy suffered from a serious mental illness, abnormality, or disorder, during the course of the interview with Dr. Watkins, he told Dr. Watkins that a 7-year-old victim, the harm to that victim occurred when that victim was removed from the home that he was in, not from his ass. So that goes to Mr. Searcy's present mental state. And that could only be accomplished during the time of his interview, when the review branch was determining whether or not to certify him. But isn't the question when the government needs to start doing the interview and everything? I mean, I understand that you can't make a certification of sort of a present mental disorder leading to future dangerousness until you start asking questions. But the issue is when should you have to start asking questions, and why can't the answer be not at the moment the government certifies, because that does allow the government to, it would be odd to put, to make the trigger for the accrual of a cause of action, put that in the hands of one of the parties entirely. But why isn't it when the government sort of reasonably should be expected to make, to be able to make a determination that on the date of release, this person will be a danger to the community, which can't be 20 years in advance, because things change. But the statute seems to contemplate that these reports are good for either six months or a year, so somewhere in that time frame. See what I'm saying? Because the statute has, you have to do that periodic check. That's true. Every year, every six months, so that seems to indicate that this kind of a determination is good for six months or a year. So why isn't maybe a year before the release date a reasonable time to say, well, look, at that point the government can predict the kind of future risk that would be entailed if this person is released in a year. Well, I believe I understand the question. It's complicated. Well, when we talk about the six-month review process, that does get back to the other problems that I was trying to convey to Judge Diaz. I'm not suggesting that we use the review process as an alternative for making a certification and then have to keep remaking it. I'm saying that we need to, I sort of feel like we need, if we're going to say the statute of limitations applies, I'm just assuming that for the moment, there is this question of when the cause of action accrues. And to my mind, what we need is some sense of how far in advance it would be reasonable for the government to make a judgment about what the state of affairs will be on some future release date. And I don't know what that number is, so I'm looking at the statute, and the statute seems to indicate that these determinations need to be revisited every six months. A different section says every year. I'm not sure which one we're under. But that, to me, seems like something I can latch on to. Oh, good, these things are good for at least six months. Well, the review process, as I stated, does occur. The review process determines whether someone whose upcoming release is upcoming, the Bureau of Prisons looks at that between 18 and 24 months prior to the person's release. That is when the Bureau of Prisons begins the process to determine whether someone whose release will be within 18 or 24 months is a sexually dangerous person. They go through thousands of prisoners who are potential, I should say, respondents. It's then called down. They're then sent to FCI Butner for the evaluation by a psychologist. That psychologist's recommendation then goes to the review branch, and the review branch votes on whether the person is sexually dangerous. So the process that Your Honor is talking about is occurring. It does occur between 18 and 24 months, so that would be. It sounds to me like this wouldn't be much of a problem if we said the cause of action accrues at the time when you guys kind of traditionally start your investigation. That's correct, Your Honor. And if there are any more questions, I'll be happy to answer.  Thank you, Your Honor. Thank you. Mr. Brignac, Mr. James mentioned that you'd effectively be doing your client a disservice by requiring an early hearing at which the government has the burden and then flipping the burden with respect to these six-month hearings. What do you say about that? A few points, Your Honor. First, the question of who has the burden of proof in these challenge hearings, that is sort of actively being litigated. It's not really before this panel, but I do want to make the panel aware that the statute is silent as to who has the burden of proof, and the district courts have been applying it against us, but that's actually bubbling up. So I would just ask the panel maybe either not to reach that or to at least have supplemental briefing or something on that point if it becomes essential to this panel's decision. Mr. Antone, who we referenced, one of the most remarkable men I know, and I think he's correct, if Mr. Antone had had his certificate filed against him four years, within four years of him getting into the Bureau of Prisons, he may have lost his case. And, you know, when a lawsuit is filed can affect the outcome of that lawsuit. That's why people spend a lot of time and energy deciding when to file a lawsuit, arguing about statutes of limitation, and, you know, that an outcome may have been adverse to one of my clients doesn't mean I'm going to ask this court not to apply the law as written. Judge Harris, you obviously had very good questions about when this could accrue. I think I wanted to respond by saying first, you know, 4248, again, there's a very pregnant absence in 4248 compared to 4246. 4246, Your Honor, I think does contemplate, as you were thinking, in terms of closer to the release date. It says expressly, you know, an individual whose sentence is about to expire. 4248, which was written, I think it demonstrates, you know, with 4246 open right next to it, left that language out. I think there's an expectation on Congress's part that these actions can accrue when the person is in the legal custody of the Bureau of Prisons and there is enough information known to put the government on notice it has to investigate, at which point it then has four years to investigate. It then files a certificate. There's discovery on both sides. It takes about another year from that point to actually have the hearing. And I don't think that saying that this basically accrues when the Bureau of Prisons sort of initiates that process within two years, it's not how statute of limitations work. Accrual is a legal term, and it means when a party has enough information. Which would have been at the time of sentencing in Mr. Searcy's case. And in most cases, I would say if the government has that burden that it must accrue at the time they had enough information, the government is likely going to feel that they have enough information upon conviction of most people in Mr. Searcy's position. Yes, Your Honor. And then it's going to be a challenge to overcome. May I respond, Your Honor? I think the government has demonstrated, as we put in our reply brief, it can do this within four years when properly incentivized. I don't think it's too much of a burden on the government. We know this because the government's done it. And if I may add just one bookkeeping point, Your Honor. Thank you. Mr. James mentioned 71 individuals. I just wanted to say I think that number is, you know, the individuals who have sort of gone through the process. Our review, my personal review is I think there may be 18 individuals who are currently committed who possibly could have raised this defense and did not. I didn't want the panel thinking that there are 71 people there waiting to collaterally attack their commitment. It's, to my knowledge, much less than that. Thank you. Thank you very much. All right. We'll come down and greet the counsel and then proceed to our next case.
judges: Albert Diaz, Stephanie D. Thacker, Pamela A. Harris